UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSENDO GONZALEZ, Jr.<br><br>Plaintiff,<br><br>v.<br><br>BUTT COUNTY, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-1491-TLN-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding without counsel, filed this action against ten government defendants, alleging that his civil rights were violated in connection with his April 5, 2025 arrest. Plaintiff's allegations fail to state a viable claim, and I will therefore dismiss his complaint with leave to amend. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2). Finally, I will recommend that plaintiff's motion for injunctive relief, ECF No. 5, be denied.

**Screening Order**

**I.     Legal Standard**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1 | which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2 | relief. *Id.*

3 |       A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4 | Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5 | face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6 | require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7 | 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8 | possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9 | identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 | 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 | give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 | n.2 (9th Cir. 2006) (en banc) (citations omitted).

13 |       The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 | U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 | appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 | would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 | However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 | of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 | 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20 | **II.     Analysis**

21 |       Plaintiff alleges that, on April 5, 2025, he was wrongly arrested by Chico Police officers
22 | "based on a so-called 'warrant' issued against his person." ECF No. 1 at 2. He allegedly asked to
23 | be shown a copy of the warrant and to be immediately brought before a magistrate, but those
24 | requests were denied. *Id.* Plaintiff also asked that the Butte County Sherriff's Office, the agency
25 | that sought the warrant, be present at the time of his arrest, but that request too was denied. *Id.*
26 | Lastly, plaintiff alleges that his vehicle was unlawfully towed, and that he was required to provide
27 | a biological sample without a warrant. *Id.* Based on these allegations, plaintiff alleges claims for
28 | violation of 18 U.S.C. § 242 and his Fourth, Fifth, and Fourteenth Amendment rights under 42

U.S.C. § 1983. *Id.* at 2-3.

Plaintiff cannot state a claim for violation of 18 U.S.C. § 242, which is a criminal statute that does not provide for a private right of action. *See Allen v. Gold Cnty. Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (holding that 18 U.S.C. § 242 does not give rise to civil liability); *Uziel v. Super. Ct. of Cal.*, 857 F. App'x 405, 406 (9th Cir. 2021) (affirming dismissal of claim under 18 U.S.C. § 242 because the statute does not provide a private right of action).

Plaintiff's § 1983 claims also cannot proceed past screening. As a threshold matter, several of the named defendants are immune from suit. Plaintiff names three Butte County Superior Court judges—defendants Philip Heithecker, Leah Sears, and C. Caraway—as defendants. "It is well established that state judges are entitled to absolute immunity for their judicial acts." *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004)). This immunity extends to situations in which a plaintiff alleges that a judge's acts were erroneous and injurious to him. *See Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). The complaint contains no allegations specific to Judge Heitheck or Sears. As for Judge Caraway, plaintiff alleges that she authorized the extraction of plaintiff's biological samples without probable cause. This allegation fails to show that any of the judicial defendants acted in the absence of jurisdiction or performed an act that is not "judicial" in nature. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("A judge lacks immunity where he acts in the 'clear absence of all jurisdiction' or performs an act that is not 'judicial' in nature.") (citation omitted). Likewise, defendant Deputy District Attorney Stacy Edwards, who is alleged to be involved in plaintiff's prosecution, is also entitled to immunity. *See id.* ("Prosecutors are also entitled to absolute immunity from section 1983 claims."); *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (finding that a prosecutor's preparation and filing of a "motion for an arrest warrant" is "protected by absolute immunity" as "part of the advocate's function").

As for the remaining defendants, plaintiff's allegations are too vague and conclusory to state a § 1983 claim. Liberally construed, plaintiff alleges that his arrest was unlawful because there was no probable cause for issuing his arrest warrant. To state a false arrest claim, plaintiff must allege that he was arrested without probable cause. *See Yousefian v. City of Glendale*, 779

3

1  F.3d 1010, 1014 (9th Cir. 2015) (holding that absence of probable cause is an essential element of
2  a claim for false arrest under § 1983). "In the context of a Section 1983 action, probable cause to
3  arrest exists when there is a fair probability or substantial chance of criminal activity by the
4  arrestee based on the totality of the circumstances known to the officers at the time of arrest."
5  *Miller v. City of Scottsdale*, 88 F.4th 800, 804 (9th Cir 2023) (citations omitted).

6  Plaintiff merely alleges that his arrest was unlawful and that the warrant was not
7  supported by probable cause. He does not, however, provide any specific factual allegations
8  related to his arrest. For example, plaintiff does not identify the offense for which he was arrested
9  or describe the circumstances surrounding his arrest. Although the Federal Rules adopt a flexible
10 pleading policy, plaintiff must allege with some degree of particularity the overt acts that the
11 defendants engaged in that support his claims. *Jones v. Community Redev. Agency*, 733 F.2d 646,
12 649 (9th Cir. 1984); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a
13 cause of action, supported by mere conclusory statements, do not suffice" to state a § 1983
14 claim). Critically, plaintiff's vague and conclusory allegations fail to show that defendants lacked
15 probable cause for his arrest. *See Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004)
16 (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964) ("Police have probable cause to arrest where 'the
17 facts and circumstances within their knowledge and of which they (have) reasonably trustworthy
18 information (are) sufficient to warrant a prudent man in believing that the (suspect) had
19 committed or was committing an offense.'"). Accordingly, plaintiff's complaint fails to state a
20 false arrest claim.[1]

---

[1] Because plaintiff has failed to sufficiently allege that his arrest was unlawful, he also fails to state claims based on the collection of his DNA and the seizure of his vehicle. *See Maryland v. King*, 569 U.S. 435, 465-66 (2013) ("When officers make an arrest supported by probable cause to hold for a serious offense and they bring the suspect to the station to be detained in custody, taking and analyzing a cheek swab of the arrestee's DNA is, like fingerprinting and photographing, a legitimate police booking procedure that is reasonable under the Fourth Amendment."); *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005) ("The violation of a traffic regulation justifies impoundment of a vehicle if the driver is unable to remove the vehicle from a public location without continuing its illegal operation."); *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1477 n.4 (9th Cir. 1993) (holding that there is no due process violation where, consistent with a "community caretaking function," officer arranged for the plaintiff's vehicle to be towed after pulling her over for a traffic violation).

I will dismiss the complaint with leave to amend so that he may have an opportunity to remedy these deficiencies. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

**Motion for Injunctive Relief**

Plaintiff has filed a motion that asks the court to grant him a temporary restraining order and to set a hearing for a motion for a preliminary injunction. ECF No. 5. Curiously, plaintiff's motion does not identify the specific injunctive relief sought. More fundamentally, because plaintiff's complaint fails to state a claim, he cannot demonstrate a likelihood of success on the merits. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Accordingly, I recommend that plaintiff's motion for injunctive relief be denied.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 6, is GRANTED.

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

5

    4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    5. The Clerk of Court shall send plaintiff a complaint form with this order.

Further, it is RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 5, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 24, 2025                                       
                                                   JEREMY D. PETERSON
                                                   UNITED STATES MAGISTRATE JUDGE