UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSENDO GONZALEZ, Jr.<br><br>Plaintiff,<br><br>v.<br><br>BUTTE COUNTY, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-1491-TLN-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding without counsel, filed an amended complaint alleging claims relating to his April 5, 2025 arrest. Plaintiff's allegations fail to state a viable claim, and I will dismiss his complaint without leave to amend. I will also deny plaintiff's motion for an extension of time to file an amended complaint, ECF No. 8, as moot.

**Legal Standard**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff names as defendants Butte County, the City of Chico, Chico Police Department, Enloe Hospital, Sheriff Kory Honea, Chico Police Chief Billy Aldridge, Chico Police Officers Hugo Garcia and Walker, District Attorney Stacy Edwards, and Judges Leah Sears and Corie Caraway.  As with his prior complaint, plaintiff alleges that he was unlawfully seized and arrested on April 5, 2025.  ECF No. 9 at 3.  Plaintiff alleges that the warrant used to arrest him was invalid since it "lacked a judicial wet ink signature and did not meet the requirements of the Fourth Amendment or California Constitution."  *Id.* at 4.  Based on these allegations, plaintiff alleges claims for violation of his First, Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 and related state law claims.

Plaintiff's § 1983 claims continue to fail to state a claim.  As explained to plaintiff in the court's previous screening order, several of the named defendants are immune from suit, such as the two Butte County Superior Court judges, Sears and Caraway.  "It is well established that state

1  judges are entitled to absolute immunity for their judicial acts." *Swift v. California*, 384 F.3d
2  1184, 1188 (9th Cir. 2004)).  This immunity extends to situations in which a plaintiff alleges that
3  a judge's acts were erroneous and injurious to him.  *See Cleavinger v. Saxner*, 474 U.S. 193, 199-
4  200 (1985).  Plaintiff alleges that Judge Caraway did not sign the blood-draw warrant with a wet
5  ink signature, rendering the warrant invalid.  ECF No. 9 at 9.  The lack of a wet signature does
6  not render a warrant invalid.  Plaintiff also alleges that Judge Sears "refused to acknowledge
7  [p]laintiff's capacity," and did not allow him to make comments on the record.  *Id.*  This does not
8  state a claim.

9  Plaintiff's claim also fails against Deputy District Attorney Stacy Edwards, who is alleged
10 have failed to produce a valid and complete oath of office.  Plaintiff cites 5 U.S.C. § 3331 in
11 support of his allegation that Edwards did not properly execute the oath of her office, but that
12 section applies to federal offices and explicitly states that "[t]his section does not affect other
13 oaths required by law."

14 As for the remaining defendants, plaintiff's allegations remain too vague and conclusory
15 to state a § 1983 claim.  Liberally construed, plaintiff alleges that his arrest was unlawful because
16 there was no probable cause for issuing his arrest warrant.  To state a false arrest claim, plaintiff
17 must allege that he was arrested without probable cause.  *See Yousefian v. City of Glendale*, 779
18 F.3d 1010, 1014 (9th Cir. 2015) (holding that absence of probable cause is an essential element of
19 a claim for false arrest under § 1983).  "In the context of a Section 1983 action, probable cause to
20 arrest exists when there is a fair probability or substantial chance of criminal activity by the
21 arrestee based on the totality of the circumstances known to the officers at the time of arrest."
22 *Miller v. City of Scottsdale*, 88 F.4th 800, 804 (9th Cir 2023) (citations omitted).

23 Plaintiff merely alleges that his arrest was unlawful and that the warrant was not
24 supported by probable cause.  Critically, plaintiff's vague and conclusory allegations fail to show
25 that defendants lacked probable cause for his arrest.  *See Beier v. City of Lewiston*, 354 F.3d
26 1058, 1064 (9th Cir. 2004) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964) ("Police have probable
27 cause to arrest where 'the facts and circumstances within their knowledge and of which they
28 (have) reasonably trustworthy information (are) sufficient to warrant a prudent man in believing

that the (suspect) had committed or was committing an offense.'"). Moreover, plaintiff alleges that the warrant was invalid because it did not contain a wet signature, but as explained above, that does not render a warrant invalid. Accordingly, plaintiff's complaint fails to state a false arrest claim.

**Conclusion**

Although plaintiff does not identify himself as a "sovereign citizen," his filings are "replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement." *Sealey v. Branch Banking & Tr. Co.*, No. 2:17CV785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). For instance, plaintiff identifies himself several times as a "private" and "living" "man," but "not a statutory person." ECF No. 9 at 2, 4, 9. The Ninth Circuit Court of Appeals has rejected as utterly meritless arguments premised on such sovereign citizen ideology. *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986). So too have courts across the country. *United States v. Staten*, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012); *see also Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars"); *United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) ("[L]egal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity.).

Accordingly, the amended complaint should be dismissed. Given the complaint's deficiencies and that plaintiff has already been given an opportunity to amend his complaint, I find that granting plaintiff another opportunity to amend would not cure the current complaint's deficiencies. I therefore recommend dismissal without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of

the complaint could not be cured by amendment.") (internal quotation marks omitted).

Accordingly, it is hereby ORDERED that plaintiff's motion for an extension of time, ECF No. 8, is denied as moot.

Further, it is RECOMMENDED that:

1. Plaintiff's first amended complaint, ECF No. 9, be dismissed without leave to amend for failure to state a claim.

2. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 14, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5